ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 SEP 20 A 8:48

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| ROY LEE DYKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 107-071 |
| ) | |
| ROBERT LEVERETT, Warden, Richmond ) | |
| County Correctional Institution; ) | |
| WALLACE PERRY, Correction Officer, ) | |
| Richmond County Correctional Institution; ) | |
| "JOHN DOE" HOLMES, Sergeant, ) | |
| Richmond County Correctional Institution; ) | |
| EVELYN COOK, Counselor, Rogers State ) | |
| Prison; and CATHY NAILS HECTOR, ) | |
| Correction Officer, Reidsville State Prison, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Roy Lee Dykes, an inmate incarcerated at Rogers State Prison in Reidsville, Georgia, when this action commenced, filed the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP").[1] After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth

---

[1] On May 2, 2007, Plaintiff submitted a petition for preliminary injunction and affidavit of indigency to the Clerk of the Court, which resulted in the opening of the above-captioned case. (Doc. nos. 1 & 2). Thereafter, the Court directed Plaintiff to file a complaint and motion to proceed IFP. (Doc. no. 7). On August 10, 2007, Plaintiff complied with the Court's June 7, 2007 Order. (Doc. nos. 11 & 12).

below, **REPORTS** and **RECOMMENDS** that Plaintiff's IFP motions (doc. nos. 2 & 12) be **DENIED**, that Plaintiff's "Petition for Preliminary Injunction" (doc. no. 1) be **DENIED**, that Plaintiff's "Motion for Temporary Restraining Order" (doc. no. 4) be **DENIED**, that Plaintiff's motion for a hearing (doc. no. 6) be **DENIED**, and that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Thus, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

---

[2] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted).

2

## II. DISCUSSION

A. **Prior Filing History**

Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[3] See Dykes v. Hooper, Civil Case No. 204-148 (N.D. Ga. Aug. 9, 2004); Dykes v. Thompson, Civil Case No. 397-090 (M.D. Ga. Sept. 30, 1997); and Dykes v. City of Washington, Georgia, Civil Case No. 196-137 (S.D. Ga. Aug. 6, 1996).

In each of these cases, Plaintiff filed a complaint that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

B. **No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception of § 1915(g), a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff alleges that, on April 8, 2007 at the Richmond County Correctional Institution ("RCCI"), the drainage pipe in the isolation area flooded the cells occupied by Plaintiff and other inmates. (Doc. no. 11, p. 6). According to Plaintiff, Defendant Perry witnessed the flooding, blamed the inmates, refused to relocate the inmates,

---

[3]In the complaint, Plaintiff admits that he was allowed to proceed IFP in three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim. (Doc. no. 11, p. 4).

3

and refused to turn on the exhaust fan. (Id.). Plaintiff contends that, while the flooding continued, Defendant Perry laughed and left the cell. (Id.). Roughly an hour later, Plaintiff submits that Defendant Holmes came into the flooded area, blamed the inmates, and refused to relocate the inmates. (Id. at 6-7). After the drainage was repaired, Plaintiff maintains that he cleaned the flooded area, and the inmates were allowed to return to their cells. (Id. at 7).

Thereafter, Plaintiff and three other inmates filed informal grievances, requesting compensation for the alleged constitutional violation. (Id.). According to Plaintiff, on April 16, 2007, his counselor told him that the RCCI's administration concluded that Plaintiff was behind the grievances. (Id.). On April 19, 2007, Plaintiff alleges that he was transferred to Rogers State Prison ("RSP") by Defendant Leverett in retaliation for filing his grievance and assisting the other inmates with their grievances. (Id. at 8). Plaintiff maintains that he stopped writing grievances because he feared that the RSP staff would physically assault him or transfer him farther away from his ill wife. (Id. at 9).

On June 27, 2007, Plaintiff alleges that Defendant Cook informed Defendant Hector that Defendant Cook witnessed Plaintiff kissing another man. (Id. at 10). Thereafter, Plaintiff maintains that his wife informed him that her family had been told by Defendant Hector that Plaintiff is homosexual. (Id.). According to Plaintiff, his wife was upset about the false statements. (Id. at 11). Plaintiff also contends that Defendant Cook would not call Plaintiff's family to inform them that Plaintiff had been transferred to RSP or that Plaintiff could not attend his step-mother's funeral. (Id.).

In this case, Plaintiff does not satisfy the dictates of the "imminent danger" exception of § 1915(g) because he fails to allege facts sufficient to demonstrate that he was in imminent danger at the time he commenced this case. Plaintiff maintains that the drainage pipe incident occurred on April 8, 2007 at the RCCI, but he also contends that, on April 19, 2007, he was transferred to RSP. Clearly, Plaintiff's other allegations concerning retaliatory transfer and slander do not support a finding of "imminent danger" at the time this case opened with the signing of Plaintiff's motion for injunctive relief on April 27, 2007, or at the time Plaintiff signed the complaint on July 25, 2007. Therefore, Plaintiff cannot satisfy the dictates of § 1915(g), and he fails to demonstrate that he should be excused from paying the full filing fee.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's IFP motions (doc. nos. 2 & 12) be **DENIED**, that Plaintiff's "Petition for Preliminary Injunction" (doc. no. 1) be **DENIED**, that Plaintiff's "Motion for Temporary Restraining Order" (doc. no. 4) be **DENIED**, that Plaintiff's motion for a hearing (doc. no. 6) be **DENIED**,[4] and that this action be **DISMISSED** without prejudice. If Plaintiff wishes

---

[4] Plaintiff requests that the Court issue a preliminary injunction requiring the Georgia Department of Corrections ("GDC") to transfer him back to the RCCI or a similarly situated correctional facility. (Doc. no. 1, p. 6). Plaintiff also asks that the Court issue a temporary restraining order that provides the same relief requested in the motion for preliminary injunction. (Doc. no. 4, p. 1). These filings assert the same factual basis, and seek the same relief, as Plaintiff's complaint. Furthermore, Plaintiff requests that the Court hold an evidentiary hearing to afford him the opportunity to prove the facts supporting his claims. (Doc. no. 6). However, as Plaintiff is not allowed to proceed IFP in this case, he may not circumvent the provisions of the PLRA by requesting injunctive relief in a case that he may not pursue unless he pays the filing fee.

to proceed with the claims raised in this action, he must submit a new complaint, along with the full filling fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 20th day of September, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE