IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROY LEE DYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 107-071 |
| | ) |
| ROBERT LEVERETT, Warden, Richmond | ) |
| County Correctional Institution, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R") (doc. no. 14), to which objections have been filed (doc. no. 17).

The Magistrate Judge recommended, *inter alia*, that Plaintiff's *in forma pauperis* ("IFP") motions be denied because Plaintiff's history of filing reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Doc. no. 14). Plaintiff objects to the R&R "because Plaintiff's records do not reflect any mention of his prior cases (No. 3:97-cv-90) or (CV 196-137) being dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." (Doc. no. 17, p. 2). According to Plaintiff, the Court should not require him to pay the filing fee because "only one case was dismissed as being frivolous (2:04-cv-148-WCO) . . . ." (Id.). Plaintiff contends that neither "the case at bar nor the two cases above stated were [sic] frivolous." (Id.). Plaintiff maintains that "just because my prior cases were denied or dismissed . . . does not mean Plaintiff is blackballed . . . from filing a

42 U.S.C. § 1983 [IFP claim] being that my claim has merit, is not frivolous, and is not malicious." (Id. at 2-3). Plaintiff also submits that "the imminent danger exception heightens the pleadings against Plaintiff and should not even be considered." (Id. at 3).

Plaintiff's objections are without merit. As the Magistrate Judge correctly explained, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

Although Plaintiff now asserts that his records do not reflect that two of the cases listed in the R&R, Dykes v. Thompson, Civil Case No. 397-090 (M.D. Ga. Sept. 30, 1997) and Dykes v. City of Washington, Georgia, Civil Case No. 196-137 (S.D. Ga. Aug. 6, 1996), were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, Plaintiff clearly stated, in his amended complaint, that these two cases were dismissed as frivolous, malicious, or for failure to state a claim. (Doc. no. 11, p. 4). Nevertheless, upon review of Plaintiff's history of filings, it appears that Plaintiff has in fact brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See Dykes v. Hooper, Civil Case No. 204-148 (N.D. Ga. Aug. 9, 2004) (dismissing Plaintiff's action as frivolous because Plaintiff failed to state a claim upon which relief can be granted); Dykes v. Massey, Civil Case No. 398-109

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted).

(M.D. Ga. Oct. 16, 1998) (dismissing Plaintiff's action as frivolous because he "[did] not state a claim for denial of access to the courts");[2] Dykes v. Thompson, Civil Case No. 397-090 (M.D. Ga. Sept. 30, 1997) (denying Plaintiff's motions for leave to proceed IFP and appointment of counsel, and terminating Plaintiff's appeal as frivolous). These previously dismissed cases qualify as strikes under § 1915(g), and thus, Plaintiff cannot proceed IFP in this case, unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).[3]

In conclusion, the R&R is **ADOPTED**, as modified herein, as the opinion of the Court. Therefore, Plaintiff's IFP motions are **DENIED**, Plaintiff's "Petition for Preliminary Injunction" is **DENIED**, Plaintiff's "Motion for Temporary Restraining Order" is **DENIED**, Plaintiff's motion for a hearing is **DENIED**, and this civil action is **DISMISSED** without prejudice.[4] (Doc. nos. 1, 2, 4, 6, & 12).

SO ORDERED this 3 day of January, 2008, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that Plaintiff appealed this case to the Eleventh Circuit Court of Appeals. Dykes v. Massey, 209 F.3d 723 (11th Cir. 2000) (Table). In that appeal, Plaintiff was allowed to proceed IFP. Ultimately, the Eleventh Circuit affirmed the Middle District's dismissal of Plaintiff's complaint. Id.

[3]As the Magistrate Judge correctly explained, "Plaintiff does not satisfy the dictates of the "imminent danger" exception of § 1915(g) because he fails to allege facts sufficient to demonstrate that he was in imminent danger at the time he commenced this case." (Doc. no. 14, p. 5). Furthermore, in the objections to the R&R, Plaintiff has made no attempt to satisfied the dictates of the "imminent danger" exception of § 1915(g).

[4]If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

3